## Case No. 3,854.

Ex parte DEXTER.

[1 Hayw. & H. 191.][1]

Circuit Court, District of Columbia. June 28, 1844.

IMPRISONMENT FOR DEBT—ABOLITION—ARREST ON CAPIAS FROM JUSTICE OF THE PEACE.

1. The act of congress of June 17, 1844 [5 Stat. 678], is supplemental to the act of August 1, 1842 [Id. 498], and does not prohibit the arrest, but authorizes it, for the purpose of compelling the appearance of the defendant in person, or by attorney, on the return day of the writ.

2. Congress, by the act of June 17, 1844, did not intend to deprive creditors of the means to recover judgment and to obtain satisfaction out of the property of their debtors. They meant to prohibit imprisonment for debt.

3. The only process a justice of the peace is authorized to issue is a capias, the service of which is an arrest.

At law. Writ of habeas corpus directed to John Waters, a constable.

The return is, that he holds him [John W. Dexter] by virtue of two warrants of arrest issued by John D. Clark, a justice of the peace; one in favor of John Hands, Jr., for a small debt, and the other in favor of the corporation of Washington, for ten dollars, a penalty of a by-law. These warrants command the constable "to take into custody the body of the said John W. Dexter, and him safe keep, so that he have him before the said justice on the 28th day of June, 1844, to answer, &c." The warrants were issued on the 27th day of June, and the officer returns that he holds the prisoner in custody for the purpose of taking him before the justice of the peace under the said warrants.

Mr. Carlisle, for the prisoner, moved his discharge under the act of congress of June 17, 1844, contending that an arrest is an imprisonment, and that a person arrested for debt is a person imprisoned for debt, which is expressly prohibited by the act.

Mr. Bradley contended that the new act is expressly supplementary to the act of August 1, 1842, and must be considered as in pari materia. The act of 1844 says no person shall be held to bail or imprisoned in any civil action. The words "held to bail" apply to mesne process; the word "imprisoned" applies to final process.

CRANCH, Chief Judge. The act of congress June 17, 1844, being "supplemental," must be considered as intended to remedy some defect in or to extend the provisions of

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

the act to which it is a supplement. The former act of August 1, 1842, only regulated arrest on mesne process, and was not applicable to small debts within the jurisdiction of a justice of the peace. It did not forbid imprisonment after judgment in any case. The supplementary act of June 17, 1844, enacts: "That no person shall hereafter be held to bail or imprisoned in any civil action in the District of Columbia where the debt or claim, exclusive of interest and costs, is less that fifty dollars." It was not usual for the officer to require bail upon a justice's warrant for debt; but it was at his option to require it or not; and if required, and it was not given, the officer might keep the defendant in custody in the common jail until the return of the writ, which might be any day named in the warrant, not exceeding forty days. But the new act provides that the defendant shall not be held to bail, and does not make any provision for the appearance of the defendant before the justice, to answer to the complaint. The new act does not prohibit the arrest, indeed it admits the power of arrest, when it forbids the holding of the defendant to bail, for there can be no holding to bail without an arrest; and if the arrest is to be considered as an imprisonment within the meaning of the act, the provision that the defendant should not be held to bail is useless, because, if the arrest is forbidden under the term imprisonment no bail can be required.

If then the arrest be not the imprisonment contemplated by the act, how long may that arrest be continued until it amounts to the imprisonment prohibited? Does it continue until the object of the arrest is accomplished, viz., an actual appearance of the defendant in person, or by attorney, or an authority to enter an appearance for him on the return day of the writ? I think it does. This is the provision of the act to which this is a supplement, and it is probable that the legislature considered the authority to arrest to obtain an appearance which already existed, and which they did not forbid, was sufficient to accomplish the purpose. It cannot be presumed that the legislature intended to deprive creditors of all means to recover judgment for their small debts, and to obtain satisfaction out of the property of their debtors. They only meant to prohibit imprisonment for debt. They did not intend to prevent judgment; yet such would be the consequence of prohibiting the arrest, because the only process which a justice of the peace is authorized to issue is a capias, and the only service of a capias is an arrest. The return of the officer to the writ of habeas corpus is that he has taken the prisoner by virtue of a warrant from a justice of the peace, and now holds him in custody for the purpose of taking him on the same day before the justice of the peace as he is by the warrant commanded. This I think he had a right to do; and the prisoner must be remanded.